UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
*Electronically Filed*

| | |
|---|---|
| **Patricia Lee,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**Vision & Beyond Group LLC, and Affordable Management & Beyond Group LLC,**<br><br>    **Defendants.** | **Case Number** |

## Complaint & Jury Demand

1. The Plaintiff, Patricia Lee, sues Defendants, Vision & Beyond Group LLC and Affordable Management Beyond Group LLC, pursuant to the Civil Rights Act of 1964 (Title VII) for sexual harassment and retaliation as well as for common law torts of negligent hiring, negligent training and negligent supervision.

2. The Honorable Court has original jurisdiction pursuant to Title VII over counts one and two, and supplemental jurisdiction over counts three through five.

3. Plaintiff resides in Lexington, Kentucky.

4. The discriminatory actions occurred in the Commonwealth of Kentucky.

5. Venue is appropriate in Lexington, Kentucky pursuant 42 U.S.C. § 2000e-5(f)(3).

6. Defendants are foreign limited liability companies.

7. Defendants employ over 15 employees.

8. Defendants conduct business in Kentucky.

9. Defendants employed Plaintiff in Kentucky.

10. Defendants terminated Plaintiff in Kentucky.

11. Plaintiff began working for Defendants on or about September 2021.

12. Defendants terminated Plaintiff on May 12, 2022.

13. Plaintiff's position was *Community Manager*.

14. Plaintiff is a female.

15. Plaintiff's supervisor was the Regional Manager.

16. A male co-worker holding the position of Project Manager began sexually harassing Plaintiff on or about October 2021.

17. This offending co-worker began commenting about Plaintiff's physique, her clothing and escalated the matter to expressing his prurient interests in Plaintiff.

18. He explicitly stated to Plaintiff what he wanted to do sexually to her and that he wanted to have an extra-marital affair with Plaintiff.

19. Plaintiff promptly reported the sexual harassment to her direct supervisor, the Regional Manager.

20. Unfortunately, Defendants did not put a stop to the harassment.

21. Defendants' failure to act emboldened the Project Manager to escalate his sexual harassment.

22. Plaintiff made additional reporting of sexual harassment to Defendants.

23. Because of Plaintiff's reporting and/or refusal to engage in sexual relations with her co-worker, she suffered retaliation at the hands of multiple employees of Defendants.

24. The retaliation Plaintiff faced included a verbal attack from one employee and disparaging remarks from the Project Manager himself as well as his underlings.

25. The harassment and retaliation escalated to the point that it changed the terms and conditions of Plaintiff's employment.

26. Plaintiff had to seek medical treatment for mental health.

27. Plaintiff even presented Defendants with a notice of resignation in April 2022, which was not accepted.

28. Finally, Defendants terminated Plaintiff on May 12, 2022, telling her she was being discharged because she was unhappy and presented her with a general release.

29. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on or about May 19, 2022.

30. Plaintiff filed a charge of discrimination within 180 days of being discharged.

31. The EEOC investigated Plaintiff's charge of discrimination.

32. The EEOC issued a notice of right to sue letter.

33. Plaintiff files her Complaint within 90 days of receiving her notice of right to sue.

34. All preconditions to bringing suit have been accomplished.

35. Plaintiff has suffered damages as a result of Defendant's violations of Title VII.

36. Defendant permitted Plaintiff to lose her job in whole or in part because of her sex.

37. The decision to terminate Plaintiff was motivated by Plaintiff's reporting of sexual harassment.

38. Plaintiff was an employee in good standing.

**Count I – Sexual Harassment**

39. Plaintiff reincorporates paragraphs 1 through 38 as if fully stated herein.

40. Plaintiff is a young single mother.

41. Defendants permitted an older man with a dirty mouth to sexually harass Plaintiff.

42. Defendants subjected Plaintiff to an older man describing in detail what he wanted to do to her sexually during work hours in the workplace.

43. Plaintiff had to listen to a disgusting man telling her that he wanted to perform fellatio upon her.

44. Defendants' sexual harasser spawned others to harass the Plaintiff.

45. One of the Project Manager's underlings called Plaintiff *babe* and declared his sexual desire towards Plaintiff.

46. Even tenants would come by the office and tell Plaintiff that Defendants' Project Manager had shared his prurient interests with them about Plaintiff.

47. Defendants failed to have an EEO workplace free from sexual harassment.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay if reinstatement is not feasible, compensatory damages, punitive damages, attorneys' fees, costs and any other relief the Court deems just.

### Count II – Retaliation

48. Plaintiff reincorporates paragraphs 1 through 38 as if fully stated herein.

49. Plaintiff engaged in protected activity.

50. Plaintiff reported sexual harassment.

51. Defendants took actions to discourage Plaintiff from making further complaints.

52. Defendants discharged Plaintiff because she objected to being sexually harassed.

53. Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay if reinstatement is not feasible, compensatory damages, punitive damages, attorneys' fees, costs and any other relief the Court deems just.

### Count III – Negligent Hiring

54. Plaintiff reincorporates paragraphs 1 through 38 as if fully stated herein.

55. Defendants had a duty to Plaintiff to hire employees that were not sexual perverts.

56. Defendants breached their duty.

57. Defendants hired one or more employees that sexually harassed women.

58. Defendants were negligent when hiring the Project Manager that

Wherefore, Plaintiff demands trial by jury, compensatory damages, punitive damages, and any other relief the Court deems just.

**Count IV – Negligent Training**

59. Plaintiff reincorporates paragraphs 1 through 38 as if fully stated herein.

60. Defendants had a duty to train their employees not to sexually harass other employees.

61. Defendants did not train their employees.

62. Due to Defendants' failure to train their employees about proper conduct Plaintiff suffered damages.

63. Defendants breached their duty to Plaintiff.

Wherefore, Plaintiff demands trial by jury, compensatory damages, punitive damages, and any other relief the Court deems just.

**Count V – Negligent Supervision**

64. Plaintiff reincorporates paragraphs 1 through 38 as if fully stated herein.

65. Defendants had a duty to supervise their employees.

66. Defendants did not supervise their Project Manager adequately.

67. Defendants' breach of their duty to Plaintiff has caused damages to Plaintiff.

Wherefore, Plaintiff demands trial by jury, compensatory damages, punitive damages, and any other relief the Court deems just.

Respectfully submitted this 1st day of May, 2023.

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Mazaheri & Mazaheri
P.O. Box 656
Frankfort, Kentucky 40602
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com
